# IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
# IN AND FOR LEE COUNTY FLORIDA

CIVIL DIVISION

FAYE A. TRASK,

    Plaintiff,

CASE NO.

vs.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff Faye A. Trask, by and through the undersigned attorney, and files this *Complaint & Demand for Jury Trial* against the Defendant Hartford Insurance Company of the Midwest and in support hereof, states as follows:

## THE PARTIES

1. At all times material hereto, Faye A. Trask ("Plaintiff") was a resident of Lee County, Florida, and is otherwise *sui juris*.

2. At all times material hereto, Defendant Hartford Insurance Company of the Midwest ("Defendant") was a corporation duly licensed to transact insurance business in, and in fact transacts business in, the State of Florida.

3. Defendant is in the business of insuring risks and properties located throughout the State of Florida.

## JURISDICTION AND VENUE

4. Jurisdiction and venue of this matter are proper in the Circuit Court for Lee County, Florida

1

because:

(i) This is an action for damages greater than thirty thousand dollars ($30,000.00), exclusive of prejudgment interest, costs, and attorneys' fees, and is otherwise within the jurisdictional limits of this Court;

(ii) Defendant is a corporation duly licensed to transact insurance business in the State of Florida;

(iii) Defendant does business, has offices, and/or maintained agents for the transaction of its customary business in Lee County, Florida;

(iv) The damage for which Defendant failed to pay full replacement cost value to Plaintiff under the terms of the policy of insurance, for which this lawsuit seeks redress, occurred in Lee County, Florida;

(v) The Policy at issue here was entered into in Lee County, Florida;

(vi) The Property insured by the Policy is located in Lee County, Florida;

## THE POLICY

5. Prior to September 10, 2020, Plaintiff sought and purchased homeowner's insurance from the Defendant to cover their property located at 606 SW 9th Street, Cape Coral, Florida 33991 (the "Property").

6. In consideration of the premium paid to Defendant by Plaintiff, Defendant issued a policy of insurance having Policy No. 55 PHF560914 (the "Policy") to provide insurance coverage that included, but was not limited to, coverage afforded to protect Insured's Property against storm and hail damage.

7. The Insured's Policy was issued by the Defendant to the Insured in Lee County, Florida, and was in full force and effect as of September 10, 2020.[1]

8. The Policy insures against property damage to the Property and the Policy likewise insures against loss from storm damage.

## STATEMENT OF FACTS

9. On or about September 10, 2020, the Property was damaged by a storm event (hereinafter "the Loss").

10. The Policy that insured the Property was in full force and effect at the time of the Loss.

11. Said event was a covered peril under the Policy issued by Defendant to Plaintiff.

12. As a result of the Loss, Plaintiff suffered damage to the Property.

13. Plaintiff obtained the services of Day Adjusting & Consulting to assess and administer the Claim on Plaintiff's behalf in order to properly restore the Property to its pre-loss condition.

14. Plaintiff promptly and timely notified Defendant of the damage to the Property as a result of the Loss—and made a claim pursuant to the Policy.

15. Plaintiff has otherwise performed all conditions precedent to recovery under the Policy and under the applicable Florida Statutes.

16. As a result, the Defendant assigned Claim Number PP0018751685 to the claim ("the Claim").

17. At all times, Plaintiff made themselves and the Property available to, and fully cooperated with, the Defendant and its representative and agent to inspect and investigate the damage caused by the storm event.

18. On July 22, 2020, Defendant wrongfully denied the Claim.

---

[1] A formal copy of the Insured's policy is attached hereto as **Exhibit A** and the terms of which are expressly incorporated herein.

3

Case 2:21-cv-00146-JLB-NPM Document 3 Filed 02/24/21 Page 4 of 6 PageID 243

19. After conducting investigations and analysis, Day Adjusting & Consulting assessed the replacement cost value of the loss was $110,787.04.[2]

20. Defendant failed to fully restore the Property to the condition it was in prior to the Loss by failing to pay Plaintiff all the benefits to which Plaintiff is entitled under the Policy for the Loss.

21. This is an action related to Defendant's breach of contract and failure to pay the full replacement cost value to Plaintiff under an insurance policy.

22. There exists a genuine, justifiable controversy between Plaintiff and Defendant as to whether Defendant is responsible for coverage for the replacement cost of the actual physical damage to the Property caused by the Loss.

23. Plaintiff has exhausted every reasonable means possible to resolve this dispute with Defendant. With no other option, Plaintiff was constrained to hire legal counsel, incurring additional expenses, and file this lawsuit.

24. The disputed amount of damages owed to Plaintiff is estimated to be $110,787.04, less prior payments and the policy deductible, plus any recoverable depreciation not yet paid by Defendant. However, actual damages may include, but are not limited to, additional costs under Coverage A, Coverage B, Coverage C and Coverage D, whether such damages are not-yet-incurred or not-yet-discovered costs.

## COUNT I – BREACH OF CONTRACT

Plaintiff realleges and readopts Paragraphs 1 through 24 as if fully set forth herein and sues the Defendant for breach of contract and further states as follows:

25. This is an action for damages for breach of an insurance contract against Defendant, arising

---

[2] A true and accurate copy of Day Adjusting & Consulting's estimate of damages is attached hereto as **Exhibit B**.

4

out of an insurance policy (i.e., the Policy) that was in full force and effect at the time of the loss/losses to Plaintiff Property.

26. Plaintiff is a named insured under the Policy and the Policy was in full force and effect as to Plaintiff and the Property at all times material to this Complaint, including when the Property was damaged by the Loss.

27. Plaintiff has performed all conditions precedent to Defendant's obligation to perform under the Policy, or Defendant has waived any and all other conditions.

28. As a result of the Loss to the Property and pursuant to the terms and conditions of the Policy, Defendant had an obligation to pay Plaintiff all the benefits to which Plaintiff is entitled under the Policy for the Loss/Claim.

29. Defendant has materially breached the Policy and Florida law by failing and refusing to pay the full amount of benefits owed to Plaintiff under the Policy resulting from the Loss/Claim.

30. As a direct result of Defendant's breach of the Policy, Plaintiff has sustained damages at or exceeding $110,787.04—the exact amount to be determined at trial.

31. Plaintiff has been damaged as a result of Defendant's breach in the form of insurance proceeds that have not been paid, interest, costs, and attorney fees.

32. Plaintiff is entitled to recover attorney fees and costs from Defendant under Fla. Stat. §§ 627.428, 92.231 and 57.104. *See Roberts v. Carter*, 350 S.2d 78,79 (Fla. 1977).

33. Plaintiff has been and remains fully prepared to comply with all obligations pursuant to the Policy.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues triable as a matter of right by a jury.

5

**WHEREFORE,** Plaintiff demands judgment against Defendant for all unpaid bills, interest on any overdue payments, all costs incurred in bringing this action, reasonable attorney fees, and such other relief this Court deems just and proper.

Respectfully submitted on January 14, 2021.

**SHELTON LAW, PLLC**
*Attorneys for Plaintiff*
1106 Thomasville Road, Suite C
Tallahassee, Florida 32303
(p) 850-583-5382
(e) eservice@sheltonlawpllc.com

*/s/ Charles P. Pearson*
Charles P. Pearson, Esq.
Fla. Bar No.116032
(e) charles.pearson@sheltonlawpllc.com

Dale S. Shelton, Esq.
FL Bar No.: 113113
(e) dale.shelton@sheltonlawpllc.com

J. Remington Huggins, Esq.
Fla. Bar No. 121546
(e) remington.huggins@sheltonlawpllc.com